Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1502 | **DATE** | 10/5/2004 |
| **CASE TITLE** | Willis vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The City's motion to dismiss and to strike Plaintiff's demand for punitive damages is granted in part and denied in part. The motion to dismiss Count I is denied. The motion to strike the demand for punitive damages is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT - 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | K | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| TH ✓ | courtroom deputy's initials | 2004 OCT -5 PM 12:59 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LILLIE M. WILLIS, )
)
Plaintiff, ) No. 04 C 1502   OCT - 2004
)
v. )
)
CITY OF CHICAGO, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Lillie Willis filed a two-count complaint against Defendant City of Chicago, alleging sexual harassment in violation of Title VII, 42 U.S.C.A. § 2000e *et seq.* (Count I), and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C.A. § 12101 (Count II). Defendant has moved to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant further argues that the Court should strike Plaintiff's request for punitive damages.[1]

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, not the merits of the case. *See Triad Assocs., Inc. v. Chic. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When considering a motion to dismiss, the Court considers "whether relief is possible under [any] set of facts that could be established consistent with [the] allegations." *Bartholet v.*

---

[1] In its motion, Defendant also argued that Plaintiff failed to properly serve Defendant. In the interim, however, Plaintiff has cured the defect and Defendant agrees that the issue is moot.

*Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The Court views the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F. 3d 456, 459 (7th Cir. 2003); *see also Thomas v. Law Firm of Simpson & Cybak*, 354 F.3d 696, 697 (7th Cir. 2004). The Court is not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

## BACKGROUND

The City of Chicago (the "City") is a municipality that employed Plaintiff as a bridge operator in the Department of Transportation. (*Id.* ¶ 2.) The City continues to employ Plaintiff. (*Id.* ¶ 4.)

In her Amended Complaint, Plaintiff alleges the following facts. In 1996 or 1997, Plaintiff found Hustler and Playboy magazines in the bathroom when she was working as a roving operator at the 3300 E. 92nd Street bridge. (*Id.* ¶ 8.) She complained to superintendent Darryl Rouse ("Rouse"), who removed the magazines but did nothing to prevent further incidents. (*Id.*) In 1998 or 1999, Plaintiff saw a photograph of a nude woman from Hustler magazine with Plaintiff's name written across it when she was working as a Rover 4 at the Dearborn Street bridge tower. (*Id.*) She removed the photo and complained to Rouse, who did nothing about the incident. (*Id.*) Around this time, Plaintiff also found Hustler magazines and photos of naked people engaging in sexual activity in the East Grand Avenue trailer. (*Id.*) Plaintiff again complained to Rouse, who circulated a memorandum prohibiting sexual harassment, but did not take any further actions. (*Id.*) On May 28, 2003, Plaintiff found a pair of

2

women's panties laying on the floor next to the Kinzie Street bridge door. (*Id.*) Plaintiff called foreman Jim Forbes, who took pictures, called Rouse, and asked Plaintiff to write it up. (*Id.*)

Plaintiff contends that her co-workers have harassed her since she began reporting the sexual harassment incidents. (*Id.*) Specifically, her co-workers stopped up the toilet so that Plaintiff could not use it and left a dead fish lying on a paper towel in Plaintiff's workplace. (*Id.*) In addition, a co-worker asked Plaintiff to leave the bridge controls at 2470 S. Loomis so that he could have privacy during his personal phone calls. (*Id.*)

Plaintiff alleges that as a result of these incidents she does not feel comfortable working as a bridge operator for the City. (*Id.*) She contends that her work environment is intimidating, unsettling, worrisome, and hostile, and that any reasonable person would perceive her work environment this way. (*Id.* ¶ 10.)

## ANALYSIS

### I. The Continuing Violation Doctrine

Defendant argues that Plaintiff's sexual harassment claim is barred because the conduct complained of occurred more than 300 days before Plaintiff filed her charge with the EEOC. Specifically, Defendant argues that Plaintiff cannot sue under Title VII for any conduct that occurred before October 8, 2002 because she filed her charge of sexual harassment on August 4, 2003. Plaintiff counters that such claims are timely under the continuing violation doctrine. The Court agrees with Plaintiff.

Under the continuing violation doctrine, an employee can recover on a hostile work environment theory for acts that occurred more than 300 days before the employee filed a charge of discrimination as long as the acts were part of the same hostile work environment and at least

3

one of the acts occurred within the 300-day period. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117-18, 122 S. Ct 2061, 2074-75 (2002). Plaintiff alleges specific acts of harassment constituting a pattern of ongoing discrimination in Paragraph 8a-g of the Amended Complaint. Defendant admits that at least one of these acts (finding women's panties in Plaintiff's workplace) took place within the 300-day period. Accordingly, Plaintiff has provided a sufficient factual basis to support her continuing violation theory and to survive Defendant's motion to dismiss.

## II. Hostile Work Environment Claim

To prevail on her hostile work environment[2] claim, Plaintiff must establish that: (1) she was subjected to unwelcome verbal or physical conduct of a sexual nature; (2) the conduct was severe or pervasive enough to create a hostile work environment; (3) the conduct was directed at her because of her sex; and (4) there is a basis for employer liability. *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir. 2002). To qualify as "hostile," the work environment must be "both objectively and subjectively offensive." *Rhodes v. Illinois Dep't of Transp.*, 359 F.3d 498, 505 (7th Cir. 2004). To decide whether particular conduct constitutes an actionable hostile work environment, the fact finder examines the totality of the circumstances including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work

---

[2] Although Plaintiff captioned Count I as a claim for sexual discrimination, it is clear that her allegations state a claim for sexual harassment. Plaintiff checked the sexual discrimination box on her EEOC charge, but her charge states that she was "continually sexually harassed." For the first time in its reply brief, the City argues that Plaintiff cannot bring a claim of sexual discrimination or retaliation because she did not check the box for retaliation or describe any acts of retaliation or discrimination in the charge. The Court will not consider arguments raised for the first time in the Reply. *Wilson v. O'Leary*, 895 F. 2d 378, 384 (7th Cir. 1990).

performance." *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 371 (1993).

Defendant argues that Plaintiff has not shown that her work environment was both subjectively and objectively hostile or abusive. In the Amended Complaint, Plaintiff alleges multiple incidents in which she found Hustler and Playboy magazines in the workplace, photos of naked people engaging in sexual activity, a photo of a nude woman with Plaintiff's name written across it, and women's panties on the floor of her work place. (R. 14-1, Am. Compl. ¶ 8.) Plaintiff further alleges that she complained about these incidents, that her supervisor did nothing to stop further incidents, and that her work environment is "intimidating, unsettling, worrisome, and hostile, and it would be so to any reasonable person." (*Id.* ¶¶ 8,10.) These allegations are sufficient to survive Defendant's motion to dismiss. Accordingly, Defendant's motion to dismiss is denied.

### III. Punitive Damages

Title VII provides that parties cannot recover punitive damages in a case against the government, a government agency, or a political subdivision. *Baker v. Runyon*, 114 F. 3d 668, 669 (7th Cir. 1997). Accordingly, Plaintiff is not entitled to punitive damages under Title VII, and the claims for punitive damages are stricken.

## CONCLUSION

Defendant's motion is granted in part and denied in part. Plaintiff states sufficient facts supporting her hostile work environment claim. Punitive damages are stricken because they are not available under Title VII in a case against a municipality.

Dated: October 5, 2004                    ENTERED

_____
AMY J. ST. EVE
United States District Court Judge